UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Justin Lafferty,<br><br>    Plaintiff<br><br>v.<br><br>James Dzurenda, et al.,<br><br>    Defendants | Case No.: 2:17-cv-01093-JAD-VCF<br><br>**Order Dismissing Case** |

Pro se plaintiff Justin Lafferty brings this civil-rights action under 42 U.S.C. § 1983 for events that allegedly occurred while he was incarcerated at the High Desert State Prison.[1] Lafferty's mailing address that is on file with the court is still the High Desert State Prison. On March 22, 2018, Magistrate Judge Cam Ferenbach ordered Lafferty to update his mailing address and gave him 30 days to do so.[2] Judge Ferenbach also warned Lafferty that his case would be dismissed if he failed to timely comply with the court's order.[3] That 30-day deadline has come and gone, and Lafferty has still not updated his address.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action without prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[5] In determining whether to

---

[1] ECF No. 1-1.

[2] ECF No. 4.

[3] *Id.*

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

1

dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[8] Lafferty was warned that his case would be dismissed without prejudice if he failed to update his address within 30 days.[9] So, Lafferty was given adequate warning that his failure to update his address would result in this case's dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** based on Lafferty's failure to update his address by the court-ordered deadline. This dismissal is without prejudice to Lafferty's ability to refile his claims in a new, separate action.

---

1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[9] ECF No. 4.

The **Clerk of Court** is directed to **ENTER JUDGMENT accordingly** and **CLOSE THIS CASE**.

Dated: May 2, 2018

_____
U.S. District Judge Jennifer A. Dorsey